UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
ELEANOR WILTSHIRE, et al.,

                                                                          03 CV 2856(DLI)(VVP)

                  Plaintiffs,

          -against-

EDWARD DHANRAJ, et al.,

                  Defendants.
----------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
MALONEY'S MOTION FOR APPROVAL OF SETTLEMENT
AND ENTRY OF A BAR ORDER**


D'AMATO & LYNCH
Attorneys for Defendant James J. Maloney
70 Pine Street
New York, NY  10270-0110
(212) 269-0927

<u>Table of Contents</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................... 1

FACTS ................................................................................................................. 1

ARGUMENT
THE COURT SHOULD "SO ORDER" THE STIPULATION
AND ENTER THE PROPOSED BAR ORDER .......................................................... 3

    A.   Why The Bar Order Is Necessary For An Effective Settlement ............................... 3

    B.   The Bar Order Contained In The Stipulation Would Not
       Be Prejudicial To Any Remaining Defendants. ...................................................... 6

CONCLUSION ...................................................................................................... 7

## PRELIMINARY STATEMENT

Defendant James J. Maloney ("Maloney") submits this memorandum of law in support of his motion for court approval of a Stipulation of Settlement and entry of a bar order.

Maloney and the plaintiffs have negotiated a Stipulation of Settlement (the "Stipulation") which provides for a monetary payment to the plaintiffs, in exchange for full release of Maloney by the plaintiffs and dismissal of this action as against him.  The Stipulation is conditioned upon entry of a bar order precluding all other parties from instituting claims against Maloney with respect to the transactions at issue in this case.  Maloney and the plaintiffs have agreed to craft the bar order in a manner that is not prejudicial to those defendants who believe that they may have legitimate cross-claims against Maloney in the event that they are found liable to the plaintiffs.  By this motion, Maloney asks that the Court "so order" the Stipulation, thereby entering the bar order contained therein.

## FACTS

This action was commenced in 2003 by plaintiffs who are the respective owners of seven houses in Brooklyn and Bronx, New York.  The action was brought against numerous individuals and entities who allegedly played various roles in the sales of the houses to the respective plaintiffs.

The complaint alleges that Maloney performed real estate appraisals with respect to the plaintiffs' houses.  Preliminary discovery has confirmed that Maloney

performed appraisals on five of the seven houses, but that he was not hired by the plaintiffs and, in fact, never met or communicated with any of the plaintiffs.

In or about April 2004, after several rounds of negotiation and with the defendants' deadline to serve answers or dismissal motions rapidly approaching, the plaintiffs agreed to settle their case as against Maloney pursuant to the terms of the Stipulation, which is attached to the accompanying Affidavit of Edward M. Roth ("Roth Aff.") as Exhibit "A".[1]  The effectiveness of the Stipulation is conditioned upon the Court's approval of the following bar order, which is contained in Paragraph 6:

> Maloney is hereby released from liability to all other defendants in this action and their assigns, predecessors, successors, related entities, partners, employees, directors, officers, principals, agents, representatives, attorneys-in-fact, attorneys at law, heirs, and spouses, whether past or present (collectively, "Barred Parties"), and all Barred Parties shall be, and hereby are, forever barred and enjoined from instituting or prosecuting, in this action or in any other action or proceeding, any claims for contribution or indemnification, however denominated and regardless of the allegations, facts, laws, theories, or principles on which they are based, whether in the nature of complaints, cross-claims, third-party claims or otherwise, against Maloney that were, are, could be or could have been asserted in this action or that arise out of the matters alleged herein by the Plaintiffs.  In consideration of the foregoing provisions, each Barred Party shall be entitled to seek a reduction in his, her or its liability to any plaintiff, as determined by the Court after trial, by the amount or portion of the Barred Party's liability to such plaintiff for which the Court determines after trial that Maloney would have been found liable as the result of the assertion of a third-party claim or cross-claim against him, and nothing in this paragraph shall be construed to preclude any Barred Party from asserting defenses based upon any alleged

---

[1] Maloney has filed neither an answer nor a summary judgment motion.  Accordingly, absent the need for the Court to enter the bar order, plaintiffs would be entitled under F.R.C.P. 41(a) to dismiss the action as against Maloney without an order of the Court.

conduct by Maloney, which defense would serve to reduce or eliminate that party's liability to any other party.

Recognizing that certain co-defendants might be apprehensive about the entry of a bar order, and with the intent to incorporate any of their concerns into the terms of the bar order, Maloney, through his counsel, made numerous attempts to advise counsel for the other defendants about the details of the proposed bar order; i.e., telephone calls to certain defense counsel, disclosure of the proposed settlement at a conference before Magistrate Pohorelsky on May 4, 2004, and circulation of a letter dated May 7, 2004, which contained the proposed language of the bar order and asked counsel to promptly communicate any objections.  See, Roth Aff., ¶¶4-7.  Because no counsel submitted any objections by May 19, 2004, Maloney and the plaintiffs proceeded to execute the Stipulation containing the bar order in the form disclosed to all counsel.  Id., ¶8.  All counsel were copied on further correspondence with the Court indicating Maloney's continued intention to proceed with the proposed settlement.  Id., ¶9.

On August 13, 2004, Maloney's counsel received from Mr. Rosen the final outstanding plaintiff's signature on the Stipulation (apparently, the delay resulted from the individual being out of the country).  Id., ¶10.

## ARGUMENT

## THE COURT SHOULD "SO ORDER" THE STIPULATION AND ENTER THE PROPOSED BAR ORDER

### A.   Why The Bar Order Is Necessary For An Effective Settlement

We recognize that bar orders usually arise during the course of class actions, which this case is not.  However, due to the relationships between the numerous defendants

in this action, Maloney believes that no settlement with the plaintiffs can adequately protect him against future liability and/or litigation expenses without the entry of a bar order.  The plaintiffs apparently agree; they have consented to the issuance of the bar order contained in Paragraph 6 of the Stipulation.

Maloney's co-defendants in this case are alleged by the plaintiffs to have played various roles in the sale of real estate to the plaintiffs.  They include sellers, real estate agents, mortgage brokers, lenders, builders and attorneys.  Proceedings to date suggest that the ultimate issues to be tried in this case will focus not merely on whether the plaintiffs have actually suffered damage, but also upon the extent of the damages and who among the defendants, if anyone, is responsible for plaintiffs' damages.  As a result, in the event that any defendant is found at trial to be liable to the plaintiffs, claims by the liable defendant against other defendants are easily foreseeable.

To the extent that any co-defendant believes it has a contribution claim against Maloney as joint tortfeasor, such defendant would be protected in the event of settlement by New York General Obligations Law §15-108, which provides:

> (a) Effect of release of or covenant not to sue tortfeasors.  When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor`s equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.

4

(b) Release of tortfeasor. A release given in good faith by the injured person to one tortfeasor as provided in subdivision (a) relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules.

(c) Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.

While this statute, to the extent that it applies herein, would relieve Maloney of any liability to his co-defendants for contribution as a joint tortfeasor, Maloney is concerned about the possibility of claims for indemnification based upon independent obligations to the other defendants.  Specifically, the lender defendants (Wells Fargo and Crossland) and the mortgage broker defendants (various Dhanraj individuals and entities) may claim that Maloney, in performing his real estate appraisal duties, violated contractual obligations to them, and that these violations ultimately caused them suffer judgments to the plaintiffs.[2]  Such contract-based indemnification claims are not precluded by GOL §15-108 and represent a real financial risk to Maloney that could negate any advantage gained through settlement with the plaintiffs.  Inasmuch as such claims would not accrue until the plaintiffs entered judgment against any of those defendants, it could take years before Maloney understands the true extent of his potential liability for the facts alleged in the plaintiffs' complaint.

Therefore, Maloney believes that no settlement with the plaintiffs can adequately protect his interests unless it contains a bar order precluding all claims against him by all defendants.

---

[2] Maloney does not concede herein that any such obligations existed or were violated.

**B.**    **The Bar Order Contained In The Stipulation Would Not Be Prejudicial To Any Remaining Defendants.**

The bar order, if entered, would not be prejudicial to any remaining defendant. As proposed, the bar order provides that in consideration for the bar order, each remaining defendant ("Barred Party" per the Stipulation):

> "shall be entitled to seek a reduction in his, her or its liability to any plaintiff, as determined by the Court after trial, by the amount or portion of the Barred Party's liability to such plaintiff for which the Court determines after trial that Maloney would have been found liable as the result of the assertion of a third-party claim or cross-claim against him, and nothing in this paragraph shall be construed to preclude any Barred Party from asserting defenses based upon any alleged conduct by Maloney, which defense would serve to reduce or eliminate that party's liability to any other party."

Thus, no remaining defendants, including the lenders and mortgage brokers, will be stripped of any claims or any defenses as a result of Maloney's dismissal from the case. Inasmuch as the plaintiffs have agreed to this "consideration" provision, it is difficult to imagine why any defendant would not. See, Zupnick v. Fogel, 989 F.2d 93, 99 (2d Cir. 1993), wherein the Court contemplating a settlement agreement that provided for reduction of judgment against any non-settling defendant "to the extent necessary to extinguish any claims of such Non-Settling defendants for indemnity or contribution against [the settling defendant]" found that such agreement would "fully protect the nonsettling defendants."

Moreover, it is likely that the remaining defendants would actually benefit from the proposed settlement in numerous ways in the event that the action proceeds to trial against them. First, if any defendant wishes to assert a claim or defense based upon Maloney's purported conduct, Maloney will not be present at trial to refute any facts alleged

or to present competing evidence.  Second, in the event that the court eventually finds that Maloney would have been liable to another defendant for a portion of that defendant's liability to the plaintiffs, the defendant will not have to seek out Maloney's assets to collect on the judgment, but will instead get an instant credit against any judgment due to the plaintiffs.

Simply put, if the Stipulation is approved and the bar order is entered, no remaining defendant faces net liability in excess of that which they would face if Maloney remained in the case.  As a result, in the interests of judicial economy (i.e., reducing the number of litigants) and promoting the consensual settlement of disputes, the Court should approve the Stipulation and enter the bar order.

## CONCLUSION

For the reasons stated above, the Court should "so order" the Stipulation and enter the bar order contained therein.

Dated:  October 7, 2004

Respectfully submitted,

D'AMATO & LYNCH

By:_____/s/ Edward M. Roth_____
        Edward M. Roth (ER-8892)
Attorneys for Defendant James J. Maloney
70 Pine Street
New York, NY  10270-0110
(212) 269-0927

Ronald H. Alenstein,
Edward M. Roth,
        Of Counsel.